IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00743-PAB

MICHAEL SHAWN ELKINS,

    Applicant,

v.

JULIE WANDS, Warden,

    Respondent.

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

    This matter is before the Court on Applicant Michael Shawn Elkins' *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], filed on March 23, 2012. Respondents have filed an Answer [Docket No. 18] and Applicant has filed a Reply [Docket No. 19]. Having considered the same, the Court concludes that the Application should be denied.

**I.    BACKGROUND**

    Applicant Michael Shawn Elkins is a federal prisoner currently incarcerated at Federal Correctional Institution (FCI) in Florence, Colorado. On September 18, 1997, Applicant was sentenced to 24 months incarceration, with 5 years of supervised release, for bank fraud in violation of 18 U.S.C. § 1344 in the United States District Court for the Eastern District of Wisconsin in Case No. 97-CR-0055-001. Answer at 2. This sentence ran consecutively to two other terms of imprisonment Applicant was

serving for violation of probation. *Id.* On December 6, 2005, Applicant began serving the bank fraud sentence, which he satisfied on September 25, 2007. *Id.*

On May 1, 2009, Applicant was sentenced to 36 months imprisonment in Case No. 97-CR-0055-001 for violating the terms of his supervised release. *Id.* The court ordered the supervised release sentence to run consecutively to several state sentences Applicant had received. *Id.* at 2-3. On December 28, 2010, Applicant was recommitted to the custody of the BOP and began serving this sentence, for which he has a projected release date of June 6, 2013, via good conduct time release. *Id.* at 3.

On February 10, 2012, Applicant was sentenced to a 31-month term of imprisonment for providing false information to the Social Security Administration in violation of 42 U.S.C. § 408(a)(6) and mailing threatening communications in violation of 18 U.S.C. § 876(c) in the Eastern District of Wisconsin, Case No. 11-CR-131. *Id.* The court ordered the sentences on these counts to run concurrently to each other and concurrently to the supervised release sentence imposed in Case No. 97-CR-0055-001. *Id.* The court also sentenced Applicant to a 24-month term of imprisonment for aggravated identity theft in violation of 18 U.S.C. § 1028(a) and ordered this sentence to run consecutively to any other sentence imposed. *Id.* Therefore, pursuant to 18 U.S.C. § 3584(c), Applicant is currently serving an aggregate term of imprisonment of 55 months. *Id.* Applicant has a projected release date of February 7, 2016, via good conduct time release. *Id.*

## II.  APPLICATION

Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on March 23, 2012 [Docket No. 1]. After being ordered to file a preliminary response, Respondent informed the Court that she would not raise the affirmative defense of exhaustion of administrative remedies [Docket No. 11]. The case was drawn to a district judge and a magistrate judge on April 20, 2012 [Docket No. 13].

Applicant seeks to have the Court order the Federal Bureau of Prisons (BOP) to grant him eligibility for early release pursuant to 18 U.S.C. § 3621(e), which may be afforded to inmates who successfully complete the BOP's Residential Drug Abuse Program (RDAP). He alleges that he has never received the benefit of early release. He also asserts that because he "is not a . . . violent offender" he is eligible for early release after completion of RDAP. Application at 2.

## III.  LEGAL STANDARD

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Although Applicant's admission into the RDAP has "only the potential for a discretionary sentence reduction," *Beckley v. Miner*, 125 F. App'x 385, 388 (3rd Cir. 2005), his Application challenges the execution of his sentence, a subject within the ambit of 28 U.S.C. § 2241.  *See Wilson v. Kastner*, 385 F. App'x 855, 856 n. 2 (10th Cir. 2010) (stating that a petition challenging RDAP eligibility determination is  appropriately brought under § 2241 "because [the] challenge relates to the execution of his sentence rather than the validity of [the] conviction."). Accordingly, it is proper for this Court to exercise jurisdiction over Applicant's claims.

**IV.   ANALYSIS**

   **A.   Substantive Review of the BOP's Early Release Eligibility Determination**

The Court construes the Application in part as challenging the BOP's substantive decision to deny Applicant eligibility for early release pursuant to 18 U.S.C. § 3621(e). Administrative Procedure Act (APA) provisions for judicial review do not apply to BOP decisions under 18 U.S.C. § 3621.  *See* 18 U.S.C. § 3625; *see also Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (finding that § 3625 precludes "reviewing the BOP's substantive decision" in a habeas case).  Accordingly, the BOP's substantive decision denying Applicant eligibility for early release is not reviewable by this Court.  *See* 18 U.S.C. § 3625.

### B.  Whether the BOP Has Exceeded Its Statutory Authority

The Court also construes the Application in part as challenging the BOP's statutory authority to categorically exclude inmates from the RDAP.  Applicant argues that he has never received the benefit of early release and that he is "being illegally denied an early release via 18 U.S.C. § 3621(e) even though . . . he is not a past nor present violent offender."  Application at 2.  The Court can interpret § 3621(e)(2)(B) to determine whether the BOP has exceeded its statutory authority.  *Fristoe*, 144 F.3d at 630-31; *see also Lopez v. Davis*, 531 U.S. 230, 244 (2001) (determining that a BOP regulation implementing  § 3621(e)(2)(B) is "permissible").

The Bureau of Prisons (BOP) offers the RDAP for inmates who volunteer for treatment and who have been determined to have a diagnosable and verifiable substance abuse disorder.  Inmates who successfully complete the RDAP may obtain early release – a reduction of their sentence for up to one year – if they were "convicted of a nonviolent offense."  18 U.S.C. § 3621(e)(2)(B).  The statute does not define the term "nonviolent offense."  *Licon v. Ledezma*, 638 F.3d 1303, 1306 (10th Cir. 2011).  Therefore, in 1995, the BOP published an implementing rule and regulation, 28 C.F.R. § 550.58, providing eligibility standards.  *Id.*  To clarify its regulation, the BOP subsequently issued Program Statement 5162.02, which provided an exhaustive list of "criminal offenses that are crimes of violence in all cases," "criminal offenses that may be crimes of violence depending on the specific offense characteristic assigned," and "criminal offenses that may be crimes of violence depending on a variety of factors."  Program Statement 5162.02, § 9 (July 24, 1995).

The Supreme Court upheld the 2000 versions of the RDAP regulations, which contained substantially similar regulations to the 2009 regulations at issue here. *See Lopez*, 531 U.S. at 230. The *Lopez* court concluded that the BOP "may categorically exclude prisoners based on their preconviction conduct[.]" *Id.* at 244. Specifically, the court upheld the categorical exclusion of inmates whose offense was a felony that involved the carrying, possession, or use of a firearm. *Id.* at 238, 244.[1] The court held that, by enacting 18 U.S.C. § 3621(e)(2)(B), Congress gave the BOP discretion to reduce the period of imprisonment for a non-violent offender who successfully completes drug treatment. *Id.* at 242. The *Lopez* court rejected arguments that the regulation was arbitrary and capricious by taking into account the inmate's pre-conviction conduct as well as his conduct in prison and by categorically excluding certain inmates from eligibility from early release. It reasoned that "the [BOP] need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb" and is not required to engage in individualized assessments that "could invite favoritism, disunity, and inconsistency." *Id.* at 244.

The *Lopez* court further determined that "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefor appropriately determines the early release decision." *Id.* Accordingly, pursuant to *Lopez*, the BOP may categorically exclude inmates who have a felony conviction for an

---

[1] At the time of the *Lopez* decision, the regulation was codified at 28 C.F.R. § 550.58(a)(1)(vi)(B). 531 U.S. at 238. The new version of the regulation is codified at 28 C.F.R. § 550.55(b)(5)(ii).

offense that "presents a serious potential risk of physical force against the person or property of another." *Id.*; *see also* 28 C.F.R. § 550.55(b)(5)(iii).

Following *Lopez*, the Tenth Circuit has repeatedly upheld the BOP's discretion under the 2000 regulations to find an inmate ineligible to be considered for early release under 18 U.S.C. § 3621(e)(2)(B). *See, e.g., Martin v. Rios*, 472 F.3d 1206 (10th Cir. 2007) (felon in possession of a firearm); *Satterwhite v. Rios*, 215 F. App'x 775 (10th Cir. Feb. 7, 2007) (conspiracy to distribute methamphetamine with a sentence enhancement for possessing a firearm); *Iverson v. Rios*, 215 F. App'x 778 (10th Cir. Feb. 7, 2007) (possession of a firearm by a prohibited person). Recently, in *Licon v. Ledezma*, 638 F.3d 1303 (10th Cir. 2011), the Tenth Circuit found a discernable "public safety rationale" for the regulation and therefore upheld it as substantively valid under § 706 of the APA, *id.* at 1311. In doing so, the Tenth Circuit concluded that "public safety was the contemporaneous rationale for the 2000 rule and not merely a post hoc explanation." *Id.* at 1310.

### 1. *Applicant's Eligibility to Participate in the RDAP*

To determine whether an prisoner is eligible to participate in the RDAP, a Drug Abuse Program Coordinator (DAPC) conducts a clinical interview with the inmate. Answer at Ex. A ¶ 8. While the DAPC determines an inmate's eligibility to participate in the RDAP, the BOP's Designation and Sentence Computation Center (DSCC) Legal Department determines if the inmate's current or prior offense preclude him from obtaining an early release under 18 U.S.C. § 3621(e). *Id.*

A DAPC interviewed Applicant on January 14, 2011 at FCI Florence. *Id.* After conducting the review of Applicant's file, the DAPC concluded that Applicant had previously received the benefit of early release and was therefore ineligible to again receive early release pursuant to 28 C.F.R. § 550.55(b)(7). *Id.* at ¶¶ 22, 31.

The DSCC conducted a second review of Applicant's early release eligibility on May 4, 2012. *Id.* at Attach. 5. After conducting the review of Applicant's file, the DSCC concluded that Applicant's offense for mailing threatening communications under 18 U.S.C. § 876(c) disqualified him from eligibility for § 3621(e) early release. *Id.* In making this assessment, the DSCC examined the applicable regulations, the pertinent documents from Applicant's Judgment and Commitment file, and BOP Program Statement 5162.05, Categorization of Offenses (Program Statement 5162.05). *Id.*

Neither Applicant nor Respondent address whether Applicant's second DSCC review in 2012 moots the first DSCC review in 2011. Nonetheless, the Court will address both reviews, beginning with the 2012 review.

### 2. *Applicant's May 2012 DSCC Review*

Program Statement 5162.05 "lists offenses that in the Director's discretion shall preclude an inmate's receiving certain Bureau program benefits," such as RDAP. *Id.* at Attach. 8, ¶ 1. Two specific provisions of Program Statement 5162.05 are relevant to Applicant's May 2012 DSCC review. First, § 4(c)(3) lists the offense of mailing threatening communications, 18 U.S.C. § 876, as an offense that *may* preclude an inmate from receiving certain benefits such as early release. *Id.* at § 4(c)(3). Program Statement 5162.05 further instructs that, to determine whether an inmate is precluded

8

from receiving early release under 18 U.S.C. § 3621(e), the BOP staff must examine the inmate's pre-sentence investigation report and the nature of the offense conduct to determine that it meets disqualifying criteria. *Id.*

Second, the introduction to § 4 of Program Statement 5162.05 explains, in relevant part, that inmates (1) "whose current offense is a felony that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another"; and (2) whose felony conviction "that, by its nature of conduct, presents a seriously potential risk of physical force against the person . . . of another" are precluded from receiving certain BOP program benefits, including early release pursuant to 18 U.S.C. § 3621(e). *Id.; see also* 28 C.F.R. §§ 550.55(b)(5)(i) & (iii).

After Applicant's May 2012 review, the DSCC decided that, given the elements of, and the underlying conduct for, Applicant's conviction under 18 U.S.C. § 876(c), Applicant was disqualified for eligibility for early release. *Id.* ¶ 24. The relevant statute provides:

> (c) Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person *or any threat to injure the person of the addressee or of another*, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 876(c) (emphasis added).

The DSCC concluded that Applicant's conviction under 18 U.S.C. § 876(c) constituted an offense that, by its nature or conduct, presented a serious potential of physical risk of physical force against the person of another. Answer at Ex. A ¶ 31.

The DSCC considered the following facts of Applicant's offense, which were detailed in the criminal judgment's statement of reasons:

> [Applicant] sent letters to his accomplice's ex-husband, sister and the children of his accomplice's brother. In these cards he drew pictures of two scales and on one side he listed various items of personal property he believed these individuals had, on the other side of the scale he drew a zero. At the bottom of the scale he wrote the words 'street justice' and on the card . . . he wrote 'I cannot imagine losing both of my children and knowing at the same time, that it was all because of my bad choices and wrong actions that caused it. I do not think I could live with myself knowing I caused it for just material items.'

*Id.* ¶ 29.

Although *Lopez* and *Licon* addressed the validity of what is now 28 C.F.R. § 550.55(b)(5)(ii), not 28 C.F.R. §§ 550.55(b)(5)(i) and (iii), both cases direct the proper resolution of whether §§ 550.55(b)(5)(i) and (iii) are arbitrary and capricious. With these regulations, the BOP's decision to make inmates like Applicant ineligible for early release as result of a conviction under 18 U.S.C. § 876(c) "has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Lopez*, 531 U.S. at 252 (quoting *NationsBank of N.C. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)). The denial of early release to inmates whose current offense "has as an element, the actual, attempted, or threatened use of physical force against the person or property of another," 28 C.F.R. § 550.55(b)(5)(i), or who have a current felony conviction for an offense that, by its nature or conduct, presents a serious potential risk of physical force against the person of another, 28 C.F.R. § 550.55(b)(5)(iii), "rationally reflects the view that such inmates displayed a readiness to endanger another's life." *Lopez*, 531 U.S. at 240.

Moreover, just as the Tenth Circuit in *Licon* found a discernable public safety rationale for § 550.55(b)(5)(ii), a public safety rationale is evident in the history of §§ 550.55(b)(5)(i) and (iii). *See Licon,* 638 F.3d at 1311. The BOP explained that the commission of offenses falling under §§ 550.55(b)(5)(i) and (iii) – offenses that present a "serious potential risk of physical force against" persons or property – "illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life." 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).

Therefore, the BOP did not exceed its statutory authority by denying Applicant eligibility for early release based on his conviction under 18 U.S.C. § 876(c). This offense contains the threat of physical force against another person as an element of the crime. *See* 18 U.S.C. § 876(c). The Court finds that the offense conduct of Applicant's conviction categorically disqualifies him from receiving the benefit of early release pursuant to § 3621(e). Accordingly, Applicant's federal sentence has not been executed unlawfully, and he is not entitled to habeas relief on this issue.

### 3. Applicant's January 2011 DSCC Review

Second, Applicant also argues that he has never received the benefit of early release pursuant to § 3621(e). However, during Applicant's first review on January 14, 2011, the DSCC concluded that Applicant had previously participated in the RDAP during his term of incarceration for bank fraud in Case No. 97-CR-055-001. Answer at Ex. A ¶ 20. On March 5, 2007, Applicant began the community transitional services

phase of the RDAP at a Residential Re-entry Center. *Id.*  The BOP records attached to the Answer demonstrate that Applicant's provisional early release date was August 27, 2007, but because Applicant received a disciplinary infraction, the BOP's community corrections regional administrator delayed his early release date for thirty days. *Id.*

The records further indicate that Applicant was released eight days early, on September 25, 2007, instead of October 3, 2007, which was his statutory release date. *Id.* ¶ 21; *see also* Attach. 4 at p. 38.  Finally, the records demonstrate that Applicant remained housed at the Residential Re-entry Center between September 27, 2007 and October 23, 2007, which is consistent with the terms of his supervised release in Case No. 97-CR-055-001, requiring him to reside in a community correctional center for 120 days following his release from imprisonment. *Id.* at Ex. A ¶¶ 4, 22.  Therefore, based upon the Court's review of the BOP records attached to the Answer, it appears that Applicant has previously taken advantage of early release under § 3621(e) in Case No. 97-CR-055-001.

Pursuant to 28 C.F.R. § 550.55(b)(7), inmates who have previously received the benefit of early release once under 18 U.S.C. § 3621(e) are ineligible to again receive early release.  In deciding to deny early release eligibility to inmates who have previously completed RDAP and obtained early release, the BOP reasoned that affording the early release benefit more than once would undermine the seriousness of the inmates' offenses and encourage recidivism:

> Congress created the early release incentive to motivate drug-addicted inmates to enter residential drug abuse treatment who would not do so without this incentive.  However, in our discretion, it is not appropriate to provide this incentive for inmates who completed RDAP, gained early release, but failed to remain drug and crime free.  To provide this

12

> incentive to the same inmate twice would be counter to our drug treatment philosophy that inmates must be held accountable for their actions when released to the community. Allowing inmates the opportunity to receive early release twice would undermine the seriousness of the inmate's offense, and essentially benefit recidivists.

74 Fed. Reg. 1892, 1984 (Jan. 14, 2009). The Court finds that this interpretation of the statute is reasonable and is consistent with the BOP's statutory authority. Therefore, the BOP acted consistently to deny Applicant early release under § 550.55(b)(7), and Applicant is not entitled to federal habeas relief on this issue.

## V.     EVIDENTIARY HEARING AND CONCLUSION

The issues presented in the Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record. Accordingly, an evidentiary hearing in this regard is not required. *See generally*, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law). Therefore, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is DENIED. It is further

ORDERED that this case is dismissed with prejudice.

DATED June 29, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge